NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN N. BUKUVALAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and its wholly owned subsidiary LIFE INSURANCE COMPANY OF NORTH AMERICA; SCHERING-PLOUGH CORPORATION; UNUM GROUP, a corporation; and JOHN DOE INSURANCE COMPANIES 1-50,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civ. No. 10-0710 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motions of Unum Group ("Unum"), CIGNA Corporation ("CIGNA"), Life Insurance Company of North America ("LINA"), and Schering-Plough Corporation ("Schering-Plough") (collectively "the Defendants") to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unum and CIGNA also move to dismiss pursuant to Rules 12(b)(1) and 12(b)(2), respectively. Plaintiff John N. Bukuvalas ("Plaintiff") has filed a cross-motion for leave to amend the Amended Complaint. No oral argument was heard pursuant to Rule 78. For the reasons stated below, Defendants' motions are **granted** and Plaintiff's motion is **granted in part**.

## I. <u>BACKGROUND</u>[1]

The facts, as relayed in Plaintiff's Amended Complaint are sparse. Plaintiff is a disabled former employee of Schering-Plough and his disability insurance payments under the company's benefits plan were terminated on December 3, 2008 by CIGNA's subsidiary LINA. Am. Compl.¶ 1. Plaintiff initiated the present class action in the Superior Court of New Jersey on behalf of "[a]ll residents of the State of New Jersey who are insured under disability insurance policies covered by N.J.A.C. 11:4-58.1-4." Am. Compl. ¶¶ 4-5. The action was subsequently removed to this Court. It is Plaintiff's contention that "[o]n information and belief" Defendants "knowingly and intentionally ignored, avoided and acted in violation of N.J.A.C. 11:4-58.1-4." Am. Compl. ¶ 3. Those sections of the New Jersey Administrative Code discuss and prohibit the use of discretionary clauses in insurance policies. <u>See</u> N.J. Admin. Code § 11:4-58.1 (2010) ("The purpose of this subchapter is to prohibit the use of discretionary clauses in all life, health and long-term care insurance policies and contracts, and all annuity contracts . . . .").[2]

---

[1] The facts in the Background section have been taken from the parties' submissions.

[2] New Jersey Administrative Code § 11:4-58.2 provides that:
> No individual or group health insurance policy or contract, individual or group life insurance policy or contract, individual or group long-term care insurance policy or contract, or annuity contract, delivered or issued for delivery in this State may contain a provision purporting to reserve sole discretion to the carrier to interpret the terms of the policy or contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State. A carrier may include a provision stating that the carrier has the discretion to make an initial interpretation as to the terms of the policy or contract, but that such interpretation can be reversed by an internal utilization review organization, a court of law, arbitrator or administrative agency having jurisdiction.

The term "discretionary clause" is defined as a clause that "provides the carrier with sole

## II. STANDARD OF REVIEW

A. Standing

"Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citation and internal quotation marks omitted). Because they are the parties invoking the jurisdiction of the federal courts, plaintiffs bear the burden of establishing their standing. Id. The district court must accept the complaint's allegations as true and "'general allegations of injury resulting from the defendants' conduct may suffice, for on a motion to dismiss [it is] presume[d] that general allegations embrace those specific facts that are necessary to support the claim.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

B. Personal Jurisdiction

Pursuant to Rule 4(e), a district court may exercise jurisdiction over a nonresident defendant to the extent permitted by the law of the state where the district court sits. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."). "New Jersey's long arm statute confers jurisdiction over nonresidents to the extent allowed under the United States Constitution." Horton v. Martin, 133 Fed. Appx. 859, 860 (3d Cir. June 15, 2005). The Fourteenth Amendment of the United States Constitution "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and

---

discretionary authority to determine eligibility for benefits under the policy or contract and to interpret the terms and provisions of the policy or contract." N.J. Admin. Code § 11:4-58.2.

substantial justice.'" Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d Cir. 1987) (citation and internal quotations omitted).

For a court to exercise jurisdiction over a defendant, the defendant must have specific or general contacts with the forum. See Horton, 133 Fed. Appx. at 860. General jurisdiction exists when the defendant has "continuous and systematic conduct in the forum that is unrelated to the subject matter of the lawsuit." Associated Bus. Tel. Sys. Corp. v. Danihels, 829 F. Supp. 707, 711. Specific jurisdiction exists "when the particular cause of action at issue arose out of the defendant's contacts with the forum." Id. "Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Horton, 133 Fed. Appx. at 860. While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. . . . the plaintiff cannot rely on the pleadings alone but must provide actual proofs." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004). If minimum contacts are established, "the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id.

C. Motion to Dismiss for Failure to State a Claim

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

D. Cross-Motion to Amend

Though Rule 15(a) instructs that "[t]he court should freely give leave [to amend] when justice so requires," denial of leave is justified on the grounds of "undue delay, bad faith, dilatory motive, prejudice, and futility." Fed. R. Civ. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "'Fultility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. Thus, in assessing futlility, a district court must apply the same standard of sufficiency that is applied under Rule 12(b)(6). Id.

### III. DISCUSSION

A. Standing as to Unum

Unum argues that Plaintiff lacks standing under Article III of the Constitution because Plaintiff has failed to allege any case or controversy between Unum and himself. (Unum's Br. 6-8.) In order to satisfy the constitutional standing requirements, a Plaintiff must plead facts that satisfy three elements:

> (1) the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must

> be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Twp. of Piscataway v. Duke Energy, 488 F.3d 203, 208 (3d Cir. 2007). "These requirements ensure that plaintiffs have a personal stake or interest in the outcome of the proceedings sufficient to justify federal court intervention." Id. at 209.

The Amended Complaint states that "Unum Group (UG) . . . is a dominant disability insurance carrier, nationally and in New Jersey, involved as a fiduciary under ERISA of disability benefit claimants in defending and litigating numerous matters similar to Bukuvalas' claim." Am. Compl. ¶ 3. The Amended Complaint also alleges that "[o]n information and belief, and specifically in the matter of Gardner v. Unum Life Insurance Company of America, . . . [Unum] knowingly and intentionally ignored, avoided and acted in violation of N.J.A.C. 11:4-58.1-4, and in so doing influenced and induced their retained counsel to so act and to act in violation of New Jersey Rule of Professional Conduct 3.3 . . . and continue to do so." Notably, the Amended Complaint does not allege any relationship whatsoever between Plaintiff and Unum. Plaintiff does not claim that Unum provided him with group disability insurance, that he submitted a claim for disability benefits to Unum, that Unum adjudicated his claim for disability benefits or that Unum made any representations to him. There are no allegations that Unum caused Plaintiff any damage. Plaintiff seems to base his claims against Unum upon Unum's alleged violations in Gardner, yet Plaintiff has not alleged that he was a party in Gardner or that he was insured under the policy at issue in Gardner. Nor has Plaintiff alleged that any action or inaction of Unum in Gardner has caused him to suffer an injury in fact. Given the complete lack of allegations of a connection between Plaintiff and Unum, Plaintiff

has failed to satisfy the case or controversy requirement for Article III standing and the action against Unum must be dismissed.

B. Personal Jurisdiction over CIGNA

CIGNA argues that this Court lacks personal jurisdiction over it because CIGNA is an indirect parent of Defendant LINA and is not authorized, certified, or licensed to do business in the State of New Jersey. CIGNA's Br. 28. The thrust of Plaintiff's argument is that CIGNA is subject to personal jurisdiction solely because it is LINA's parent company. Plaintiff requests discovery and notes that "[t]he corporate veil may remain intact, be riddled with holes or destroyed completely; depending on the facts as determined after discovery." Pl.'s Br. 29. "A district court may not exercise jurisdiction over a defendant corporation if the only connection with the state is through that defendant's subsidiaries." Alexander v. CIGNA Corp., 991 F. Supp. 427, 443 (D.N.J. 1998). Therefore, Plaintiff's allegation of a corporate relationship, without anything more, will not suffice for jurisdictional purposes. Plaintiff has not alleged any facts to support even a prima facie showing of jurisdiction. CIGNA has no office or place of business in New Jersey, it does not conduct business through any of its subsidiaries, including LINA, it has not appointed any agent or public official to accept service of process, it has not entered into any contract or agreement with Plaintiff, nor is it a party to any contract or policy at issue in this action. Barlow Decl. ¶¶ 4-6. CIGNA also is not an insurance company and does not offer insurance products or insurance services to the public. Id. at ¶ 3. Furthermore, when addressed with the exact same argument in favor of personal jurisdiction forwarded by Plaintiff, other district courts have found that they lacked personal jurisdiction over CIGNA where the insurer was LINA See, e.g., Kling v. ADC Group Long-Term Disability Plan, No.

04-2626, 2004 U.S. Dist. LEXIS 21045 (D. Minn. Oct. 14, 2004) (finding no personal jurisdiction over CIGNA because only connection was parent-subsidiary relationship with LINA). Accordingly, CIGNA does not have sufficient contacts with the forum to justify either specific or general jurisdiction and the claims against it must be dismissed.

C. Motion to Dismiss for Failure to State a Claim

Defendants argue that both counts of the Amended Complaint are preempted by Sections 502(a) and 514(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a), 1144(a). Section 502(a) sets forth a comprehensive civil enforcement scheme and forecloses any state law claim that falls within its zone of influence. See 29 U.S.C. § 1132(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The "related to" language in that provision has been construed broadly by courts such that any state action, either statutory or founded in state common law, that "has a connection with or reference to" an ERISA benefit plan is preempted. See Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir. 2001) ("[S]uits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a).").

Count One of the Amended Complaint alleges "fraud and the violation of the obligation of good faith and fair dealing" based on the inclusion of discretionary clauses within insurance contracts and also on delays in the consideration of Plaintiff's administrative appeal upon the termination of

his benefits. A review of the discretionary clauses in insurance policies and the administration of benefits pursuant to those clauses would necessarily implicate the administrative responsibilities of Defendants. See Pryzbowski, 245 F.3d at 278. Therefore, the cause of action "relates to" the employee benefit plan. Delays in the authorization of employee benefits have also been deemed preempted by Section 514(a). Id. ("The same rationale [for the denial of benefits] has been applied by courts holding that suits against HMOs for delay in authorizing benefits were preempted under § 514(a)"). Therefore, Count One of the Amended Complaint must be dismissed.

Count Two, Plaintiff's conclusory New Jersey Consumer Fraud Act ("CFA") claim fares no better. Any adjudication of the CFA claim would require reference to Plaintiff's insurance policy and any discretionary clauses therein. See D'Allessandro v. Hartford Life & Accident Ins. Co., No. 09-1114(JAP), 2009 U.S. Dist. LEXIS 37048, at *9 (D.N.J. May 1, 2009) (dismissing CFA claim as preempted by ERISA because the claim "would require interpretation of the policy"); Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc., No. 06-928, 2007 U.S. Dist. LEXIS 61137, at *21-22 (D.N.J. Aug. 20, 2007). Accordingly, Count Two of the Amended Complaint must also be dismissed.[3]

---

[3] ERISA's savings clause does not allow Plaintiff to pursue it's state law claims. Section 514(b)(2)(A) provides that "nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). "[F]or a state law to be deemed a 'law . . . which regulates insurance'. . . , it must satisfy two requirements. First, the state law must be specifically directed toward entities engaged in insurance. Second, . . . the state law must substantially affect the risk pooling arrangement between the insurer and the insured." Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 341-42 (2003) (citations omitted). Though Plaintiff invokes New Jersey Administrative Code § 11:4-58.2, Plaintiff's actual causes of action are for common law fraud, violation of the obligation of good faith and fair dealing, and violations of the CFA. Am. Compl. ¶¶ 18-27. The CFA is surely not specifically directed towards insurance entities. Accordingly, the savings clause does not apply.

D. Cross-Motion to Amend

Plaintiff filed a cross-motion for leave to amend the Amended Complaint. Though the proposed Second Amended Complaint fills in some of the factual gaps in the Amended Complaint, it fails to remedy any of the Amended Complaint's defects. Namely, Plaintiff's State causes of action –which remain unchanged– are still preempted by ERISA, there continues to be lack of jurisdiction over CIGNA because the jurisdictional facts remain unaltered, and no further facts are alleged regarding Unum that would confer standing.

Plaintiff has added a third count, a violation of ERISA § 502(a)(1)(B) as to Plaintiff individually, to the proposed Second Amended Complaint. Though Defendants argue that the count must be dismissed as conclusory, the Court disagrees. Plaintiff has alleged on the face of the Second Amended Complaint that Plaintiff was denied benefits and that "CIGNA and LINA are proceeding with the administrative appeal in bad faith and not expeditiously as required by ERISA. Further resort by [Plaintiff] to the appeal process would be futile." Second Am. Compl. ¶¶ 16-20. Absent any information about the exhaustion requirements available under the particular plan, and also absent information about whether Plaintiff's claim has now been adjudicated on administrative appeal, the Court cannot find that amendment to include the ERISA claim would be futile. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP, 297 Fed. Appx. 192, 194 (3d Cir. 2008) ("Under our case law, the appropriate question is what remedies are available under the plan."); see also Wayne Surgical Ctr., LLC v. Concentra Preffered Sys., Inc., No. 06-928, 2007 U.S. Dist. LEXIS 61137, at *28 (D.N.J. Aug. 20, 2007) ("District courts have held that when a plaintiff's claims are completely preempted by ERISA as here, granting dismissal with leave to file an amended Complaint asserting an ERISA claim is an appropriate course of action."). Accordingly, Plaintiff is granted leave to amend limited

<u>solely</u> as to the Third Count of the proposed Second Amended Complaint.

## IV. **CONCLUSION**

For the reasons stated, Unum's motion to dismiss pursuant to Rule 12(b)(1) is granted with prejudice, CIGNA's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2) is granted with prejudice, the Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted. Plaintiff's cross-motion for leave to amend is granted only as to the third count in the proposed Second Amended Complaint.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        December  3 , 2010
Orig.:        Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.
             File