NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN N. BUKUVALAS, <br><br> Plaintiff, <br><br> v. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, MERCK & CO., INC., formerly known as Schering-Plough Corp., TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYEES IN THE MANUFACTURING INDUSTRY, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civ. No. 10-0710 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motions of Life Insurance Company of North America, Merck & Co., Inc., and the Trustee of the Group Insurance Trust for Employees in the Manufacturing Industry ("Defendants") to dismiss Plaintiff's Claim for Future Benefits in the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike Plaintiff's Jury Demand pursuant to Rule 12(f).  No oral argument was heard under Rule 78.  For the reasons stated below, Defendants' motion to dismiss the claim for future benefits is **granted** and the motion to strike Plaintiff's jury demand is **denied as moot**.

## I. BACKGROUND[1]

Plaintiff asserts a claim under ERISA § 502(a)(1)(B) to recover disability benefits that were denied to him following an illness he suffered while an employee at Schering-Plough Corp. Defendants now seek to dismiss Plaintiff's request for future benefits and a jury trial.[2]

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

## III. DISCUSSION

Defendants argue that ERISA § 502(a)(1)(B) does not allow a claim for lump sum damages.

---

[1] The facts in the Background section have been taken from the parties' submissions.

[2] This Court previously dismissed Plaintiff's Amended Complaint for failure to state a claim and permitted Plaintiff to file a Second Amended Complaint limited only to the present ERISA claim. Bukuvalas v. Cigna Corp., No. 10-0710, 2010 U.S. Dist. LEXIS 127873 (D.N.J. Dec. 3, 2010).

The Court agrees. A plaintiff may bring an action under § 502(a)(1)(B) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff is not entitled to future benefits, only a clarification of his rights to those benefits. Surdi v. Prudential Ins. Co., No. 08-225 (GEB), 2009 U.S. Dist. LEXIS 61191, at *18 (D.N.J. Mar. 30, 2009) ("[T]he Court cannot award Plaintiff future benefits, but rather can only clarify Plaintiff's right to future benefits under the plan."). Accordingly, to the extent that Plaintiff is seeking a lump-sum future benefits award, that claim is dismissed. Plaintiff, however, may continue to pursue an order regarding his rights to future benefits.

Plaintiff concedes in its opposition brief that "his demand for a jury trial in respect to his ERISA § 502(a)(1)(B) claim should be stricken." Pl.'s Opp'n Br. 2. Accordingly, Defendants' motion regarding this matter is dismissed as moot.

## IV. CONCLUSION

For the reasons stated, Defendants' motion to dismiss Plaintiff's claim for future benefits is granted and the motion to strike the jury demand is denied as moot.

    S/ Dennis M. Cavanaugh  
    Dennis M. Cavanaugh, U.S.D.J.

Date:    August  8 , 2011  
Orig.:    Clerk  
cc:    All Counsel of Record  
    Hon. Joseph A. Dickson, U.S.M.J.  
    File